USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-22-15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SYNCA DIRECT INC.,

                Plaintiff,

-v-

SCIL ANIMAL CARE COMPANY, *et uno*,

                Defendants.

No. 15-cv-2332 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

At the initial status conference in this action held on June 12, 2015, the Court informed the parties that it was likely to transfer this case to the Northern District of New York pursuant to 28 U.S.C. § 1404(a) in light of the lack of any connection between the case and this District. (*See* Minute entry of June 12, 2015.) The Court directed the parties to file any response to the Court's contemplated *sua sponte* transfer by June 19, 2015. (*Id.*) The Court is now in receipt of a letter from Defendants, dated June 19, 2015, requesting that the Court refrain from transferring the case in light of the fact that Defendants "have expended significant time and money on a proposed motion to dismiss in this forum." (Doc. No. 15.)

Under § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is "to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Berger v. Cushman & Wakefield of Pa., Inc.*, No. 12-cv-9224 (JPO), 2013 WL 4565256, at *4 (S.D.N.Y. Aug. 28, 2013) (internal quotation marks omitted). Thus, once a district court makes a threshold showing that the action *could* have been brought in the transferee district, *see Whitehaus*

*Collection v. Barclay Products, Ltd.*, No. 11-cv-217 (LBS), 2011 WL 4036097, at *1 (S.D.N.Y. Aug. 29, 2011), which is not in dispute here, the focus shifts to "determinations of convenience," which are "considered on a case-by-case basis," affording the district court "broad discretion," *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). In making these determinations of convenience, courts are generally guided by several factors, including "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *Rosen v. Ritz-Carlton Hotel Co. LLC*, No. 14-cv-1385 (RJS), 2015 WL 64736, at *2 (S.D.N.Y. Jan. 5, 2015). Courts also routinely consider judicial economy, the interest of justice, and "the comparative familiarity of each district with the governing law." *CYI, Inc. v. Ja-Ru, Inc.*, 913 F. Supp. 2d 16, 19 (S.D.N.Y. 2012).

Here, upon consideration of the parties' representations in the joint letter dated June 5, 2015 (*see* Doc. No. 11) and Defendants' letter (Doc. No. 15), the Court finds that the only factor that cuts decisively against transferring this action is Plaintiff's choice of forum. Simply put, notwithstanding representations in the joint letter to the contrary – which were acknowledged to be false at the June 12, 2015 initial status conference – the facts of this action have no nexus whatsoever to this District. On the other hand, the office Plaintiff maintains in New York is located in Champlain, so far north that it is actually on the border of Canada. Moreover, although the parties have focused their efforts to dissuade the Court from transferring this action on the convenience of this District to the parties, the Court finds that even if that factor were alone sufficient – which it is not – its weight here is diminished in light of the parties' representations that most or all of the relevant witnesses in this action are located far away from New York State, such that it can hardly be said that this District is *itself* particularly convenient (as opposed to simply *not* being *less* convenient than the Northern District of New York). Rather, the Southern District of New York appears most convenient for the *lawyers*. But the convenience of the

2

lawyers is not, of course, relevant to the determination of whether to transfer a case under § 1404(a). *See, e.g., Gendreau v. Kigawa*, No. 13-cv-3217 (LTS) (DCF), 2014 WL 6487426, at *12 (S.D.N.Y. Nov. 14, 2014). Thus, the convenience of the parties and witnesses does not favor this action remaining in New York, and if anything might support its transfer. Indeed, the joint letter indicates that many of the key witnesses and relevant documents in this action are located in Canada. Depending on the part of Canada to which the parties allude, it may well be that the Northern District of New York is *more* convenient for the parties and witnesses. In any event, convenience alone will not carry the day for the parties.

Additionally, the Court rejects Defendants' assertion that the "loss of time, money, and energy already spent in this action" supports keeping the case in this District. In fact, the entirety of the substantive litigation activities undertaken by the parties thus far amounts to (1) a three-page joint letter discussing the case, and (2) dueling three-page letters from each party regarding Defendants' contemplated motion to dismiss the complaint, which were followed by a conference concerning the motion eight days after Defendants' letter (and four days after Plaintiff's response). Such activity clearly does not amount to a significant expenditure of time or money in the face of the considerations favoring transfer; moreover, much of the research that went into Defendants' pre-motion letter and Plaintiff's response will likely be relevant and usable in the event that Defendants move forward with their contemplated motion in the Northern District of New York. Furthermore, while Defendants make much of the *time* expended in this action – stressing that the case "was commenced nearly three months ago" – the Court finds Defendants' characterization of the time that has elapsed to be disingenuous. To be sure, the complaint in this action was filed on March 27, 2015 – nearly three months ago. (Doc. No. 1.) However, upon a stipulation of the *parties*, Defendants' deadline to answer or otherwise move with respect to the complaint was extended to June 2, 2015. (*See* Doc. No. 5.) Defendants filed their pre-motion letter on June 4, 2015 (after a filing error on June 2), and the Court held a pre-motion

3

conference on June 12, 2015. Indeed, most of the past three months in this action have been *inactive*, and the Court has certainly not contributed to any delay. In fact, the Court flagged for the parties its inclination to transfer this case in its very first Order, dated April 27, 2015, in which the parties were directed to apprise the Court as to their positions regarding "[w]hether the case should be transferred, pursuant to 28 U.S.C. § 1404, to the Northern District of New York, the Northern District of Illinois, or some other District, and if not, why not." (Doc. No. 6.) Thus, the fact that three months have elapsed since the complaint was filed hardly cuts in favor of the Court keeping the action in this District.

Finally, judicial economy and the interests of justice favor the transfer of this case. In light of the infancy of this action and the fact that the Court has not ruled on – or even seen – any motions from the parties, it can hardly be argued that a transfer would materially delay the case's resolution or impose a substantial cost on the federal court system based on the Court's familiarity with the case. Indeed, the parties have appeared in front of the Court only one time, for a relatively short conference. In contrast, transferring this case would further the interests of justice and promote systemic judicial economy by requiring the parties to litigate their dispute in a forum with at least *some* connection to the facts. Thus, the Court concludes that, considered in sum, the factors relevant to a determination under 28 U.S.C. § 1404(a) favor transferring this action.

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED THAT this case shall be transferred to the Northern District of New York pursuant to 28 U.S.C. § 1404(a). The Clerk of the Court is respectfully directed to effectuate that transfer and to close this case.

SO ORDERED.

Dated: June 22, 2015
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE